IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL FORREST,                          :
                                          :
        Plaintiff                         :          CIVIL NO. 3:CV-14-0934
                                          :
v.                                        :          (Judge Caputo)
                                          :
MICHAEL OVERMEYER, et al.,                :
                                          :
        Defendants                        :

# M E M O R A N D U M

## I.    Introduction

On May 10, 2014, Michael Forrest, an inmate at the Forest State Correctional Institution (SCI-Forest), in Marienville, Pennsylvania,[1] filed this civil rights complaint pursuant to 42 U.S.C. § 1983, naming approximately 32 individual defendants, 9 John Doe SCI-Forest Corrections Officers, the Pennsylvania Board of Probation and Parole (PBPP), unspecified "Individual and General Insurance Providers," unidentified "ER Nurses" from the Merion Memorial Community Hospital and unidentified "Transport Guards and Nurses". (Doc. 1, Compl.) The named defendants are as diverse as the claims against them. Moreover, at least 29 of the defendants work at SCI-Forest, while other defendants work at SCI-Waymart, which is located in the United States District Court for the Middle District of Pennsylvania.

---

[1] SCI-Forest is located in the United States District Court for the Western District of Pennsylvania.

The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Complaint will be dismissed and Mr. Forrest will be directed to file an amended complaint.

## II. Discussion

There appears to be little, if any, connection between the various groups of defendants in this action which range from correctional officers and administrators from at least two prisons, medical personnel from various prisons and private medical facilities as well as the PBPP. For example, Mr. Forrest claims he was assaulted twice at SCI-Forest and denied medical care following these assaults. He does not identify which defendants assaulted him at SCI-Forest, or which medical personnel denied him care following the alleged assaults. He also fails to allege how medical staff at SCI-Waymart are involved in these events. Next, Mr. Forrest makes a sweeping generalized claim of denial of appropriate medical care by all of the named medical professional defendants, without specification as to their location of employment, time, place or actual involvement in denying him appropriate medical care. Likewise, he names several SCI-Waymart psychiatrists who treated him but again fails to assert how ay SCI-Forest correctional or medical staff played a role in denying him proper medical care while at SCI-Waymart. Mr. Forrest also avers that personal property and medical equipment (wheel chair, crutches, and a custom leg brace) were confiscated by prison officials. However, again, he fails to allege who confiscated these items, when they were confiscated, or how their

-2-

confiscation violate his civil rights. (*Id.*)

Because Mr. Forest's Complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8(a) and Federal Rule of Civil Procedure 20(a), he will be given the opportunity to file an amended complaint which must comport with the requirements of these rules. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 93, 127 S.Ct. at 2200, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. Id. at 555, 127 S.Ct. at 1964-65.

Viewing Mr. Forest's Complaint in the light most favorable to him, the Court notes that it is approximately 9 pages long and names 30 plus defendants. It rambles in nature discussing his history of prior lawsuits filed in the United States District Court for the Eastern District of Pennsylvania challenging his medical care, and identifies several physicians who are not named as defendants in this action. It is unclear whether Mr. Forrest is setting forth a historical context of his claims or whether he is trying to assert a claim against these individuals. He also alleges that is being physically tortured by SCI-Forest correctional officers and denied medical care following events. Thus, while it is clear that Mr. Forest is attempting to assert

-3-

Eighth Amendment claims of deliberate indifference to his alleged serious medical

needs and claims of excessive use of force, the Complaint is far from clear as to the

alleged actions, or involvement, of each defendant in any of these events.  It would

be difficult, if not impossible, to attempt to (1) define all the medical claims raised by

Mr. Forest against the various correctional and non-correctional defendants; (2)

delineate which defendants are alleged to be involved with each claim; and (3)

establish the facts upon which Mr. Forest relies to support each claim.[2]  Rule 8(a)

does not require that the defendants or the Court, review the complaint and

"amendment" in its current form, as it would be impossible for a defendant to file a

response to it.

Further, the Court has some concern that Mr. Forest is attempting to join

various defendants, related or not, in one lawsuit.  This would violate Fed. R. Civ. P.

20(a)(2).  Rule 20, Permissive Joinder of Parties, sets forth the proper test for

determining whether parties are properly joined in an action.[3]  At this point it is

---

[2] To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).  A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. *Id.*

[3] Under Rule 20 of the Federal Rules of Civil Procedure, these disparate and unrelated defendants, "may be joined in one action as defendants [only] if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; (continued...)

abundantly clear that not all the 30 plus defendants, who are employed by various Commonwealth agencies and private employers, are no properly joined in this action. *See Mincy v. Klem*, 303 F. App'x 106 (3d Cir. 2008)(joinder of 77 prison official defendants in *pro se* prisoner complaint improper under Rule 20 of the Federal Rules of Civil Procedure).

Nonetheless, given Michael Forrest's position as a *pro se* plaintiff, he will be granted twenty-one days to submit an complete amended complaint which satisfies the requirements of Rules 8 and 20.  The amended complaint shall set forth each claim separately and name only the defendants in each claim that Plaintiff seeks to hold liable for that claim.  The factual allegations that support each claim shall also be set forth in separate numbered sentences.

---

[3](...continued)
and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Mr. Forest is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an appropriate amended complaint will result in the dismissal of his action without prejudice. In light of this ruling dismissing the Complaint, the pending motions filed by Plaintiff (Docs. 8 and 10) are also subject to dismissal as moot.

**A. RICHARD CAPUTO**
**United States District Judge**

DATE: June __/7__, 2014