## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FORREST,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 3:CV-14-0934** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **MICHAEL OVERMEYER**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

### I.    Introduction

On May 10, 2014, Michael Forrest, an inmate at the Forest State Correctional Institution (SCI-Forest), in Marienville, Pennsylvania,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983.  On June 17, 2014, the court screened his initial Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) and directed he file an amended complaint.  (Doc. 13.)

Mr. Forrest names fifty-six defendants in his fifty-five page Amended Complaint.  (Doc. 19.)  Named as defendants are various Pennsylvania Department of Corrections  (DOC) administrators and employees working at the DOC's Central Office, SCI-Waymart, and SCI-Forest.  Mr. Forrest also name several John/Jane Does from Merion Memorial Community Hospital.  Mr. Forrest claims defendants violated his constitutional rights in connection with a series of events that transpired

---

[1] SCI-Forest is located in the United States District Court for the Western District of Pennsylvania.

between 2010 through 2014.  As relief, he seeks compensatory and punitive damages.

Along with his Amended Complaint, Mr. Forrest submits a motion seeking leave to proceed *in forma pauperis*.  (Doc. 2.)  This motion will be denied and the action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for the reasons stated herein unless Mr. Forest pays the requisite $ 400.00 filing fee.[2]

## II.    Background

In a very summary fashion, the allegations of the Amended Complaint encompass the following claims.  Mr. Forrest alleges he was assaulted by DOC staff at SCI-Forest and SCI-Waymart, and by staff at the Merion Memorial Community Hospital.  He also claims he was denied medical treatment at both SCI-Waymart and SCI-Forest.  He avers SCI-Forest officials also denied him access to his prison medical records and lost copies of medical records sent to the prison by his outside treating physicians.  He also argues SCI-Forest medical staff are not following the treatment plan established by his private physician while he was on parole.  Finally, he asserts that the "Chief" of the Pennsylvania Board of Probation and Parole conspired with DOC staff to recommit him as a parole violator after he committed a "very minor" parole violation.

The court has yet to screen the Amended Complaint for legal sufficiency.  To date, the court's review has been limited to discerning the foundation of his claims

---

[2]  Effective May 1, 2013, an administrative fee of $50.00 is to be paid in addition to the $350.00 filing fee required upon filing of a civil action, for a total of $400.00.  The $50.00 fee does not apply to persons proceeding and granted *in forma pauperis* under 28 U.S.C. § 1915.

for the purpose of making a determination as to Mr. Forrest's eligibility to proceed *in forma pauperis*.

III.   **Discussion**

Pursuant to 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" may proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees.  *See also Ball v. Famiglio*, 726 F.3d 448, 451-52 (3d Cir. 2013).  However, pursuant to 28 U.S.C. § 1915(g), a prisoner who has, on three or more occasions, either filed an action in a federal district court or filed an appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed.  *See* 28 U.S.C. § 1915(g); *Ball,* 726 F.3d at 467.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  "By using the term 'imminent,' Congress indicated that it wanted to ... prevent impending harms, not those harms that had already occurred."  *Id.* at 312 - 15.  Practices that "may prove detrimental ... over time" also do not represent imminent dangers as the harm is not "about to occur at any moment."  *Ball*, 726 F.3d at 468 (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted).  Further, even if an alleged harm

may in fact be "impending," it does not satisfy the exception, if it does not threaten to cause "serious physical injury."  28 U.S.C. § 1915(g).  Vague or conclusory allegations are insufficient to meet this standard.  *See Ball*, 726 F.3d at 468.

In this instance, the court takes judicial notice of Mr. Forrest's proceedings before the United States Court of Appeals for the Third Circuit.  *See In re Forrest*, 403 F. App'x 768 (3d Cir. 2010).  The Third Circuit Court of Appeals determined that Mr. Forrest has filed three actions or appeals that were dismissed as frivolous, malicious, or the failure to state a claim upon which relief may be granted: (1) *Forrest v. Fulcomer*, C.A. No. 88-1036 (3d Cir. March 18, 1988); (2) *Forrest v. Vaughn*, 2:95-cv-05994-WD (E.D. Pa, October 11, 1995): and (3) *Forrest v. Meyers*, 3:01-cv-2065 (M.D. Pa. Dec. 14, 2001).  *Id.*  The circuit court advised Mr. Forrest of his "three-strike" status in 2004 when it denied his application to proceed *in forma pauperis* in an appeal in *Forrest v. Varner*, C.A. No. 03-2911 (3d Cir. August 30, 2004).  *Id*.  At this juncture it is clear that Mr. Forrest has attained three strikes and may not proceed *in forma pauperis* unless he can meet the imminent danger exception.

After reviewing the allegations of Mr. Forrest's Complaint and Amended Complaint, the court finds that he does not present a claim of imminent danger of serious physical injury at the time the Complaint was filed.  First and foremost, Mr. Forrest initiated this action in May 2014.  The allegations of his original complaint and amended complaint span several years, 2010 to 2014.  The various assaults Mr. Forrest alleges he suffered all are past events.  The related incidents of denial of

medical care corresponding to each of the assaults also do not set forth credible allegations of imminent harm at the time the Complaint, or Amended Complaint, was filed.  Mr. Forrest's alleged lack of access to his medical records, and the claim that SCI-Forrest staff lost copies of medical records forwarded to them from Mr. Forrest's outside physicians treating him while on parole, also do not pose a threat of imminent harm.  To the extent Mr. Forrest alleges that SCI-Forrest medical staff are not following the treatment plan established by his treating physicians while he was on parole, this claim does not suggest that he is in imminent harm of serious physical injury.

## IV.    Conclusion

Based on the foregoing reasons, the court concludes that Mr. Forrest has accumulated three strikes which preclude him from proceeding *in forma pauperis* under 28 U.S.C. § 1915(a)(2).  Additionally, the court finds that at the time of the Complaint's filing, Mr. Forrest was not under imminent danger of serious physical injury.  Because Mr. Forrest cannot avail himself of § 1915(g)'s exception, he may not proceed in this action without prepayment of the $400.00 filing fee.  Should Mr. Forrest pay the full filing fee the court will proceed to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: June 15, 2015**